was your argument first this morning in number 23305 Hampton v. McDonough. Mr. Savenda. Good morning and may it please the court. I would like to say that we basically have three major issues that we would like you to consider on appeal. And the first one is that the stipulation is a product of fraud. And the second one is that even if you were to remand it back to the district court, there would be no prejudice in having the matter determined by the truth. And the third point is that the clear and convincing aspect of Rule 60B-3, in our opinion, requires at the minimum an evidential hearing. It was an error for the lower court not to engage in that hearing. I'd like to talk about those questions too, but before we get there, there is this issue about the notice of appeal, right? So your client filed a notice of appeal after the judgment in the case, but his appeal is and Rule 4A-4B-2 says that if you want to challenge an order disposing of any motion listed in 4A-4A, which includes 59 and 60, you need to file an amended notice of appeal, which wasn't done here. So can we even hear an appeal of those orders? I think, Your Honor, respectfully, he reverted and requested, and that appeal was valid. So the amendment of the reconsideration, I think our submission is that the rule, Rule 4B, that says that it has to be put in there, that's basically up to the court's discretion. And we're asking that don't treat it as a jurisdictional bar, but treat it like the way other courts have treated it, that they evaluate to the merit of the case, and they determine if it should be heard or not. Yeah, I'm kind of interested in this question about whether it's jurisdictional or not. I guess we haven't really decided that, but there are circuits who think that it is jurisdictional. I take it the Fourth Circuit has said that. So why wouldn't it be? I mean, if we have a statute that says in order to challenge, where it says 28 U.S.C. 2107A says no appeal shall break any judgment order to create an action suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed within 30 days after the entry of such judgment order or decree. And to implement that, we have a rule that says any party intending to challenge an order disposing of any motion, meaning a post-trial motion, must file a notice of appeal or an amended notice of appeal within the time prescribed by this rule measured from the entry of the order disposing of the last such remaining motion. It does seem like it means if you want to challenge the post-trial orders, you need to file something to indicate that in order to bring the appeal before a court of appeals. Your Honor, we respectfully disagree to the degree that Mr. Hampton accurately filed the notice of appeal. And he was at that point represented pro se. And so the clerk said, I will hold this until the judge determines the pending motions. So that posture to him, he understood it to mean that he was okay with that. So you think the clerk sort of led him to believe that he didn't have to file anything else? As a pro se, yes. Okay. Well, so I guess, so I guess then I have this. So if it's not jurisdictional, which it might not be, you know, you need to show that you're entitled to some kind of exception. So your argument, I guess, would be that he was being diligent in contacting the clerk and the circumstance that prevented him from complying with the rule would be what the clerk basically telling him he didn't need to. That is correct, Your Honor. He is a layman, Your Honor, and he understood it. If the clerk, if you look at the order and we submitted that in the appendix, it did not say to him as a layman, when the decision is final, you can file an amendment. So to the degree that they're not supposed to teach him. Procedure, right? I mean, even if you're a pro se, you have to comply with the rules, don't you? I do agree with that. But we submit, Your Honor, that other circuits do not treat it jurisdictional because they find that if the person had a valid notice of appeal in the beginning, that that should be considered. And then the amended notice itself, even if the court was to exclude and say, we will consider the notice of appeal of a new trial, and then we will not look at what was said by the judge. But there should be a leeway of allowing the fact that he did comply with the law to a certain degree. Okay, I guess I have that argument. So then you- Is there a filing, an affidavit that we could see in which he makes the statement that the clerk of court assured him that he did not have to make a further filing of an amended notice of appeal? That's in the reply, Your Honor. That's in the reply brief, and we go into it extensively. Okay, so I guess we'll take a look at that. Is there an affidavit to that effect? The affidavit, there's no affidavit, but there is a discussion because the affidavit, you would want the affidavit submitted to the Second Circuit, is that what your question is? Well, I mean, you're making an argument that's based upon a factual statement, which is an exchange of, is an assurance given by someone who's in the clerk's office, but it's only in an argument in a reply brief. I don't see the affidavit. The order, Your Honor, the order from the clerk stated that, so that he does not need to, he never stated it squarely, but he just told him that he should inform the court when everything is resolved in the district court. So that's how he understood it. You're talking about the order from our court that said that we would wait to hear the appeal until the post-trial motions were resolved. Is that? That's what I'm talking about. But that doesn't mean, I mean, that means that the appeal was not going to be heard until after the post-trial motions were resolved, but that might have been an appeal of the judgment that was entered on February 1st, 2023, right? Don't the federal appellate rules still require you, if you want to challenge the orders disposing of post-trial motions, to amend the notice of appeal? Again, Your Honor, I go back to what I said, that the pro se understood it to, on the score, on the, on its surface, that he did not. Now I guess I understand this argument. So it's not that the clerk of court told him something affirmatively. It's that he understood the order from this court saying that we would wait to hear the appeal until the post-trial motions were resolved, to mean that he was excused from the requirement that he had to file amended notices of appeal to challenge the orders disposing of the post-trial motions, if that's what he wanted to do? Correctly, Your Honor, and our opposition... I'm not sure that that's right or not, but we could consider that, and I think I have the argument. Now, you were about to go into your argument for why the pre-trial stipulation was a product of fraud. Yes, Your Honor. What do you want to say about that? What I just want to say, going back quickly, is that he regarded the order as ambiguous, but it's a product of fraud, the stipulation, because Mr. Hampton did not agree to the stipulation on A95. Fairly and squarely, Your Honor, he did not agree that you would limit the witnesses, you would limit the evidence, and so... So who's committing the fraud there? Is it the opposing party, or it's his own lawyer? We're arguing that it came from the government. We are arguing that we have evidence that the PDF originated from them. The government somehow got his lawyer to agree to the stipulation without his consent? Is that the argument? Somehow the fraud originated from them. His attorneys... Somehow, I don't know, the argument is... No, what I'm saying, Your Honor, is that we have not heard an evidential hearing. That's why I'm saying, reminding you to an evidential hearing would be something that we're looking into. Okay, so what's the possible evidence that could turn up in an evidentiary hearing that would show that the government somehow was responsible? Your Honor, we have, he has already settled with his former attorneys on this issue. He has settled with them, and unless I am from another planet, nobody's giving free money. He has settled on them that I did not agree with you doing this, and they agreed to settle, and so our position is that an evidential hearing that will allow cross-examination on this issue is appropriate, and if... You still have to make a preliminary showing. I mean, his lawyer signed the stipulation. That means that he did. Not really, Your Honor, because... Because that's what it is to be an attorney. To be an attorney means you act for somebody else. Your Honor, I agree with you to a certain degree. If you remember, Your Honor, the Pioneer case says the mistakes of the the lawyer are your mistakes, and we're arguing that he's not asking for a second bite at the stipulation. This is what we're going to do. He never pre-authorized them that you are allowed to make decisions without my informed consent. This goes to the heart of what we expect when we hire somebody to represent us. That, at the minimum, asks us what your next step is. Now you're talking about his lawyer being irresponsible or not consulting with him, but the rule says it has to be fraud by the opposing party, right? So... No, I'm not saying that. I'm not saying it's a 60B1 the attorney made a mistake. I'm saying it's a 60B3 fraud of opposing party. Right, I understand, but you're just describing the lawyer not living up to expectations. I'm just asking why we have reason to believe that the opposing party somehow was responsible. Because the PDF was the stipulation, Your Honor. We have shown that it originates from them. It originates from the government, and we need an evidential hearing because the government should have an opportunity to say the PDF didn't originate from us. But we have evidence that... So if the government proposed the stipulation, how is that a fraud on Mr. Hampton? Respectfully, Your Honor, that's something for the district court to cross-examine. And we were asking that we be given that opportunity for the judge to take cross-examination and ask them squarely that, how did you come about to convince this court to take the stipulation? We're asking, Your Honor, that the trial evidential issues go back. Go back to the district court and let this be resolved. It's a miscarriage of justice at this point. Okay, I think we have that argument. You've reserved time for rebuttal, so we'll hear from you again. Thank you. Let's hear from the government. Ms. Frysmuth. Good morning, Your Honors. My name is Megan Frysmuth. I'm an United States attorney for the Eastern District of New York, representing Appellee Defendant Dennis McDonough in his official capacity as the United States Secretary for the Department of Veterans Affairs. I was also lead trial counsel at the trial below. The crux of plaintiff's argument is that he is discontent with his trial attorney's decisions to enter into... Before we get there, could I ask about whether we can hear the appeal? Do you have a view of this question as to whether federal rule of appellate procedure 4A, 4B2 is jurisdictional? I mean, so we've said in a case called Whitesnare that 4A, the tolling rule for filing the notice of appeal is not jurisdictional. It's a claim processing rule that may or may not be subject to equitable exceptions. So what do we think about 4A, 4B2? Your Honor, we have... The government argues that it is jurisdictional, as we've argued in our brief and the cases cited. My question is why? So if the tolling rule in 4A, 4A is not jurisdictional, then the requirement to file one of the motions in 4A, 4A, why wouldn't that also be not jurisdictional? So as the record stands, the appeal right now is on the jury verdict. There has been no actual appeal of the post-trial orders, and it's very clear from the plaintiff's briefing that their on his post-trial motions was an abuse of discretion. I mean, I think it's pretty clear that 4A, 4B2 says that if you want to challenge the order disposing of a post-trial motion, you need to amend the notice of appeal, and he didn't comply with that. Even if it's not jurisdictional, I suppose it could be mandatory, and you've invoked it, so it would still apply. I guess I was just sort of wondering whether we should decide it's jurisdictional or not. Well, to that, yeah, to that point, so there is no, there is no exception to the rule to file the, an amended notice of appeal, as there could be in other situations where, you know, an issue is not jurisdictional. There's no exception based on prejudice. There's no exception that a party misunderstood the rule. There's no equitable tolling that might exist in a other situations where, you know, a procedural issue is not jurisdictional. Okay, what about opposing counsel's argument that, you know, this court ordered that it wouldn't hear the appeal until after the post-trial motions were resolved? Why wouldn't it be reasonable to understand that order to say the eventual appeal would encompass the disposition of any of the post-trial motions? I believe the order was a stay, a stay of the proceedings pending the outcome of the post-trial motions. You know, if you're a pro se litigant and you get an order from the court that says we're not going to hear this appeal until after the post-trial motions are resolved, why wouldn't you understand that to mean that the appeal was going to consider the post-trial motions? Well, at some point soon thereafter, and I'm sorry, Your Honors, I don't have the date, Mr. Savanda appeared as attorney for the plaintiff in this matter. So well before the briefing began in this matter, plaintiff was represented by counsel who should know how to adhere to the rules. Okay, I think I have that argument. So you were going to say something about the purported fraud in the stipulation. Right. So really the crux of this plaintiff's argument is his disagreement with litigation decisions made by his trial counsel. Specifically, this stipulation entered on the record pre-trial that limited certain evidence from being introduced at trial related to claims that were dismissed on summary judgment from this action. Whether or not one party or another drafted a stipulation, there's just no evidence coming anywhere close to meeting the elements of fraud with respect to who drafted the stipulation. The stipulation was duly signed by plaintiff's attorney. I suppose if the stipulation were something egregious and it originated from, you know, so egregious that we might think it must have been the product of fraud for opposing, for the other side to agree to it, and it originated from the government, maybe that would be a reason for thinking that that was a relevant fact that the government originated it. But you don't think that the stipulation was unreasonable in this case, right? It was a very straightforward pre-trial stipulation that limited the scope of evidence consistent with what the trial was about, which was plaintiff's Title VII retaliation claim. Right, so the Supreme Court had dismissed some claims as time barred, so there was going to have to be some kind of stipulation governing what evidence could be introduced, right? That's correct. So if in fact Mr. Hampton's lawyer didn't consult with him before agreeing to the stipulation, and Mr. Hampton would not have agreed to it, you know, or wanted a different one or something, what would be the remedy for that? Not under Rule 60 or 59. Plaintiff's remedy against his own trial counsel for decisions that the trial counsel made do not fall within the standards under Rule 59 or 60 for a new trial to set aside a verdict. As he's already stated, he's come to some kind of resolution with his own trial counsel. There's no remedy that he can receive from the United States as the defendant in this action, as the opposing party, as Your Honor has referenced, that Rule 60b-3 applies to. So he has already apparently received the remedy from his own trial counsel. And going back to the point on what this case was actually about, Rule 60 also looks at whether the plaintiff was prevented from fully and fairly presenting his case at trial. He was not prevented from presenting his case at trial on the retaliation claim simply because he could not raise facts related to claims that were already dismissed from this case. In fact, if he had presented that evidence, you might say that that would be an unfair trial, right? I can fairly state that the government would have objected to that evidence coming in. So for the reasons we've discussed and the reasons in the government's brief, the district court did not abuse its discretion in denying plaintiff's post-trial motion and the order should be affirmed. And if the court doesn't have any further questions, the government will rest on its brief. Okay, thank you very much, Ms. Friesman. We'll turn back to Mr. Sibanda on rebuttal. Thank you, Your Honors. I just want to quickly say, Your Honors, that if you look at, when you go back to your chambers, you look at 895 that has the stipulation, it is not a hotel note or it is not a child's play. It clearly states, like in paragraph 5, that partials will not present evidence or illicit testimony from any witness and lists the people that he doesn't want to and if you look closely at the case as well of Snyder versus New York City Education, it says that if there's a miscarriage of justice, the court can order the- Why a miscarriage of justice if the district court determined that these other claims were time barred and so they, you know, had to be dismissed, why would it be a miscarriage of justice to not allow evidence purporting to prove those claims to be admitted in a trial on different claims? It's a miscarriage, Your Honor, because the case states that, SUS versus MTA states that if there's substantial errors in the admission or rejection of evidence, so the stipulation- So why is it an error, I guess is my question. It's an error because- In fact, his discrimination claim is time barred, but there was, so there's a trial only on the retaliation claim, then why, what is, is it a miscarriage of justice not to admit evidence on the discrimination claim that has been dismissed? That's not our argument, that's their argument. Our argument is that retaliation was allowed to go to trial. It should have proceeded with allowing Mr. Hampton to have a trial, Your Honor. He was not even allowed to call other witnesses. He was the only witness. So the retaliation is to say he engaged in predicted activities such as complaining about discrimination and then an adverse employment action was taken against him in retaliation, right? Correct, Your Honor. But what he cannot argue because it was dismissed was that there was, in fact, discrimination that had occurred before that, right? We never- So if, in fact, that claim is dismissed, you can't introduce evidence about that claim. You can only introduce evidence about whether the adverse action was taken against him in retaliation. And I understand the government agreed to, you know, acknowledge that he engaged in predicted activity by complaining. And so the trial is about the post-complaint activity, right? Your Honor, that limits the understanding of the stipulation. If you look at the stipulation, we concede that we had to reach some kind of agreement with what we- the former attorneys should have reached some kind of agreement to have a smooth-flowing trial. But that stipulation did not empower them to then decide that we will only call as a witness Mr. Hampton. We will only have, instead of 10 exhibits, just two exhibits. And then they put that in the stipulation. And then the government, on the other hand, had four witnesses, over 20 exhibits. So that is why we are saying fraud from them because it was essentially a trial that they had to undermine Mr. Hampton. It wasn't a trial that Mr. Hampton staged and then the government would rebut with evidence. He had no trial that he presented. I'm sorry, but the stipulation says he's only going to have one witness. It says stipulated and agreed that the parties- you don't need to instruct the jury on whether he engaged in dirty activity because the government agreed that- or said it would agree that he did. It stipulated and agreed that parties will not present evidence concerning the alleged incidents of harassment or hostile work environment underlying the counts that have been dismissed. So that's not to prove the earlier claims. It stipulated and agreed that the parties will not mention the harassment and hostile work environment in other statements. That's also about the earlier- the claims that have been dismissed. It stipulated and agreed that the- that it won't address the earlier claims, right? I mean, I just don't see- and it says- oh, I see. It says here at the last one, will amend the proposed joint pretrial order to remove all witnesses who would have testified solely for purposes of supporting or including witness allegations of harassment or hostile work environment. It seems like every provision of the stipulation is tied to not proving the earlier allegations about harassment or hostile work environment that had been dismissed. I don't see anything that constrains his ability to prove the retaliation claim. Do you want to point me to something that does? I point you to the first paragraph that says, whereas Plaintiff and Defendant have agreed to limit the scope of testimony and evidence presented at trial with respect to Plaintiff's remaining claim of retaliation based upon Plaintiff's April 2016 employment separation. So that opening paragraph is clearly stating that they are stipulating to limit the trial. And I understand that it has to be- So why should I understand that in light of the particular provisions of the stipulations to mean that in the trial on his remaining claim of retaliation, you're not going to introduce evidence that's only relevant to the other claims that have been dismissed? Your Honor, the understanding is that it has to introduce evidence for retaliation, but it doesn't mean that it has to limit the amount of evidence he can put. And that's what they did. His attorneys limited the amount of evidence that they presented. Okay, I think we have that argument. Thank you very much, Mr. Savanda. The case is submitted. Thank you, Your Honor.